**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 12 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ATHMAJA UVINDU EDIRISINGHE,

Petitioner,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No. 25-2518

Agency No.
A205-548-273

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 19, 2026
Pasadena, California

Before: BENNETT, KOH, and MENDOZA, Circuit Judges.

Petitioner Athmaja Uvindu Edirisinghe, a native and citizen of Sri Lanka,

petitions for review of a Board of Immigration Appeals ("BIA") order upholding an

immigration judge's ("IJ's") denial of asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

under 8 U.S.C. § 1252. We grant the petition and remand as to the asylum and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

withholding of removal claims.  We deny the petition as to the CAT claim.

1.     We review de novo "whether the BIA applied the wrong legal standard."  *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).  In assessing whether Petitioner suffered past persecution for asylum purposes, "[t]he key question is whether, looking at the cumulative effect of all the incidents Petitioner has suffered, the treatment she received rises to the level of persecution." *Singh v. INS*, 134 F.3d 962, 967 (9th Cir. 1998).

The BIA recited the correct cumulative-effect standard, but the BIA's analysis—comprised of three case citations with parentheticals—shows that it failed to apply that standard.[1]  None of the cases cited by the BIA dealt with cumulative harms like those experienced by Petitioner.  *See Hussain v. Rosen*, 985 F.3d 634 (9th Cir. 2021); *Gu v. Gonzales*, 454 F.3d 1014 (9th Cir. 2006); *Lanza v. Ashcroft*, 389 F.3d 917 (9th Cir. 2004).  And significantly, the BIA's parentheticals indicate that it relied on each case to reject a category of past harm on an individual basis.  That was error.  *See Salguero Sosa v. Garland*, 55 F.4th 1213, 1220 (9th Cir. 2022) (holding that the BIA failed to conduct a cumulative-effect review when it "tick[ed] off each of [petitioner]'s categories of harm on an individual basis and f[ound] that

---

[1] We reject the government's argument that Petitioner's brief "concedes that the agency aggregated the harm she suffered when evaluating her claim."  Petitioner made no such concession.  Her brief simply offers an accurate description of the procedural history: the BIA affirmed the IJ's decision that Petitioner's past harm did not rise to the level of persecution in the aggregate.

each" failed to amount to persecution). We therefore grant the petition as to the asylum claim and remand for the BIA to apply the correct cumulative-effect review.[2]

We also grant the petition and remand as to the withholding of removal claim because the BIA's denial of that claim rested solely on its denial of the asylum claim.

2. We review for substantial evidence the BIA's denial of CAT relief. *Sharma v. Garland*, 9 F.4th 1052, 1066 (9th Cir. 2021). Under that highly deferential standard, we may grant a petition only if "the evidence '*compels* the conclusion' that the BIA's decision was incorrect." *Id.* at 1060 (quoting *Ming Xin He v. Holder*, 749 F.3d 792, 795 (9th Cir. 2014)).

Petitioner forfeited review of her CAT claim because her brief contains only one conclusory, unsupported sentence challenging the BIA's denial of CAT relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996). This was insufficient to "specifically and distinctly" raise the argument that the BIA erred in denying her CAT claim. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (quoting *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020)).

**PETITION DENIED IN PART AND GRANTED AND REMANDED IN**

---

[2] Because we remand the asylum claim on this basis, we do not address the BIA's determination that Petitioner failed to demonstrate a well-founded fear of future persecution. *See Salguero Sosa*, 55 F.4th at 1220 & n.3 (declining to address issues that could be affected by the BIA's decision on remand).

25-2518

**PART.**[3]

---